DIXON, Justice.
Defendant Harold C. Kelt, Jr. was charged by bill of information with one count of theft and one count of receiving stolen things. He was tried by jury and found to be not guilty of the theft but guilty of receiving stolen things. The trial judge sentenced Kelt to serve one year in prison and to pay a fine of $350 plus $60 court costs. Execution of the sentence of imprisonment was suspended and defendant was placed under eighteen months active probation. On appeal defendant advances three arguments on assignments of error.
Defendant Kelt, among other business enterprises, operates the H & Q Oyster Bar on North Claiborne Avenue in New Orleans. In May of 1975 two of the bar/restaurant’s patrons, Joseph County and Leonard Jourdan, offered to sell defendant fifty foot rolls of chain link fencing. According to defendant’s testimony at trial, County and Jourdan explained that they were in the fence business and that they had several rolls left over from one of their jobs. Kelt purchased four fifty foot rolls at $15 each. The rolls were delivered to the backyard of the H & Q in an unmarked blue station wagon.
Joseph A. Oster, a New Orleans private investigator, learned of the fence sale. Oster contacted a former client, Fred A. Van-derberg, the president of the Quaid Fence Company, and told him that he suspected that the fence company was losing fence rolls through theft. Vanderberg checked his inventory and finding significant shortages, hired Oster to investigate. Through his investigation, Oster learned that Joseph County and Leonard Jourdan were stealing rolls of fence from the Quaid fence lot. The investigation led to the arrest of County, Jourdan and the defendant Kelt.

Assignment of Error No. 1

Defendant contends that the trial court erred in denying a motion for new trial based in part on the allegation that State witnesses violated the sequestration order.
After both the State and defense had completed closing arguments and the jury had been retired for deliberation, defense counsel moved for a mistrial on grounds that the witness sequestration order had been violated. From the testimony taken for the motion it appears that the alleged violation took place in an assistant district attorney’s office located directly behind the courtroom. A vent passes between the courtroom and the office and though a desk sits in front of the vent, a space of approximately three inches above the desk is unobstructed. Several of the State witnesses testified that they were in the office at various times during the trial and that while it was possible to overhear part of the trial proceedings through the vent, they did not try to do so and that in fact they did not listen to the court proceedings. The wife of the defendant testified that she was seated in the hall outside the courtroom at one point during the trial and that she overheard various witnesses laugh about going into the office to listen to the trial.
C.Cr.P. 764 provides:
“Upon its own motion the court may, and upon request of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice.”
In State v. Johnson, 343 So.2d 155, 163 (La.1977), we stated:
“The purpose of the article is to prevent the witnesses being influenced by prior testimony and to strengthen the role of cross-examination in developing the facts. Even when the rule of sequestration has been violated, if its purpose has not been thwarted the trial judge may, in his discretion, refuse to disqualify the errant witness or to declare a mistrial. . . . ”
We do not find error in denying the motion for mistrial or in denying the motion *753 for new trial on these grounds. The testimony at the hearing did not prove a violation of the order; further, even if there had been a violation, the testimony did not indicate that the defendant was prejudiced. Accordingly, the assignment is without merit.

Assignment of Error No. 2

After his conviction defendant filed a motion for new trial based on newly discovered evidence. This assignment is based on the denial of that motion.
The new evidence discovered by defense counsel after trial involved prior civil suits filed against a key prosecution witness, Joseph Oster, which may have been relevant to impeach his credibility. At trial during defense cross-examination, Oster stated that he had been sued only three times before in connection with his business and he intimated that those suits dealt only with contract disputes. The defense counsel’s examination of court records after trial, however, revealed that Oster had been named defendant in at least two other actions. John Friedel, the comptroller of one of the plaintiff companies, testified at the motion for new trial that several years earlier Oster had contacted him and said that he had information concerning a series of company thefts and would begin an investigation if the company paid him $750. Frie-del stated that inventories taken after Oster was paid indicated that no thefts had occurred; hence the civil suit was filed for the recovery of the $750 fee. The defendant contends that the prior suits indicate that Oster conducted a confidence scheme by which he would solicit business through false reports of theft and that if this information had been placed before the jury, Oster would have been totally discredited and the defendant would have been acquitted.
C.Cr.P. 851(3) provides:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.”
Because the trial judge is in a better position to evaluate the hypothetical effect of newly discovered evidence on the verdict, the matter is relegated in large measure to his discretion, and, absent a showing that the discretion was abused, this court will not disturb his ruling. State v. Boyd, 359 So.2d 931 (La.1978); State v. Provost, 352 So.2d 661 (La.1977). No such showing has been made in the present case. While it is true that the evidence may have caused the jury to place less weight on the testimony of Oster, it was not unreasonable for the trial judge to conclude that its introduction would not have affected the outcome because of the other evidence against defendant.
This assignment is without merit.

Assignment of Error No. 3

The defendant contends that the verdict cannot be supported by the evidence introduced at trial.
This assignment is without merit. The State introduced the testimony of several witnesses, including that of Leonard Jourdan, the man who admitted stealing rolls of wire and selling them to the defendant. Defendant himself admitted buying the rolls of wire. The circumstances of the purchase as shown by the testimony were such as to support a finding that the defendant knew or should have known that the wire was stolen. We cannot say that as a matter of law the State failed to prove its case.
For the reasons assigned, the defendant’s conviction and sentence are affirmed.