380 So.2d 54 (1980)
STATE of Louisiana
v.
Gerald MANNING.
No. 65408.
Supreme Court of Louisiana.
January 28, 1980.
*55 Ann Woolhandler, George M. Strickler, Jr., New Orleans, Paul Henry Kidd, A Law Corporation, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Gerald Manning was charged by grand jury indictment with the aggravated rape of his sixty year old neighbor, a Monroe woman, and with the rape-murder of one Vonda Harris.[1] The rape-murder case was severed and tried separately. Trial for the aggravated rape of the neighbor resulted in a hung jury. Thereupon the aggravated rape indictment was amended, the charge being reduced to forcible rape. Upon a second trial a twelve member jury returned a verdict of guilty of attempted forcible rape. The defendant was sentenced to serve ten years at hard labor. On appeal to this Court defendant argues five assignments of error.
At 1:41 a. m. on August 9, 1977, a sixty year old Monroe woman called the police and told them that she had just been raped by a young man who lived next door. When the police arrived, she identified the defendant, Gerald Manning, as her assailant. After the policeman went next door *56 and called him to the door, defendant was taken to the police station. At 5:08 a. m. August 9, 1977, he made a statement in which he said that he had not been in the neighbor's residence that night. Over the next ten to eleven hours defendant was questioned intermittently, released to go home twice, and voluntarily returned to the station twice. Over this period of time defendant first denied then admitted to being in the neighbor's house, but denied having sex with her. (8:00 a. m.) Later defendant admitted to having had sex with his neighbor, but claimed that the sex was consensual. (12:45 p. m.) Finally defendant admitted to having raped the neighbor (between 1:00-3:00 p. m.). After defendant confessed to raping the neighbor he admitted his participation in the rape-murder of Vonda Harris. At 2:51 p. m. defendant made a taped confession to the rape-murder of Vonda Harris, followed by a separate recorded confession to the rape of the neighbor at 3:31 p. m. Shortly thereafter defendant confessed to raping several other women. At 10:35 a. m. the next morning (August 10, 1977) defendant made another recorded oral statement concerning the rape-murder of Vonda Harris.
Defendant's first assignment of error is concerned with the admissibility of his statements concerning the instant rape, that of the neighbor. Defendant contends that the statements he made to the police were not freely and voluntarily made, were obtained in violation of his Miranda rights, and that the trial judge did not state for the record the burden of proof he applied in ruling on the admissibility of the statements. The facts and arguments raised by defendant in this case are discussed at length in State v. Manning, 380 So.2d 46, handed down this day January 24, 1980, and the reasons for holding the confessions in that case admissible are equally applicable to the statements at issue here. This assignment is without merit.
Defendant contends in assignment of error number three [2] that the trial court erred in denying his motion to quash the petit jury panel on the grounds of racial composition. The only evidence defendant offered to substantiate his allegation that the state had systematically excluded blacks from the jury lists was information showing that blacks made up approximately thirty percent of the over eighteen population in Ouachita Parish. At defendant's request the trial court took judicial notice of the fact that five of the fifty-five members of the petit jury venire were black. The trial judge also took judicial notice of the fact that twenty persons had been excused from the petit jury venire by reason of illness, legal exemption, or other personal reasons. No one noted the race of these persons.
The ruling of the trial court is correct. Defendant is required to demonstrate that the state has systematically excluded a particular group from juries. State v. Western, 355 So.2d 1314 (La.1978). The fact that blacks may have been underrepresented on a particular petit jury venire does not establish that the state has systematically excluded blacks from petit jury venires. See State v. Gray, 351 So.2d 448 (La.1977); State v. Daigle, 344 So.2d 1380 (La.1977); United States v. Wiman, 304 F.2d 53 (5 Cir. 1962). This assignment is not meritorious.
In his fourth assignment of error defendant argues that the trial court erred in holding that defendant's request to waive jury trial was not made timely. Manning made the request on the second day of trial after the jury had been sworn in, but before opening statements. He concedes that jury waiver is a request which should be made within the time allowed for pre-trial motions, but he contends that valid grounds for jury waiver did not exist until jury selection was complete, i. e., after the state peremptorily challenged every black in the petit jury venire. Essentially defendant contends that he had the right to elect to waive the jury when the state used peremptory challenges to exclude blacks, exercisable even after the trial by jury had *57 commenced, and he also contends that he had a constitutional right to be tried without a jury.
C.Cr.P. Art. 780 does not state the time when defendant must waive trial by jury.[3] Comment (d) thereunder states, however, that the courts have general authority to determine when a defendant may elect to exercise his right to waive jury trial.[4] Though conceivably defendant's attempted jury waiver could have been construed as timely, the trial court was not unreasonable in ruling that defendant's attempted jury waiver was untimely.[5] There is no need to require a trial court to honor such a belated attempt at jury waiver to facilitate respecting defendant's constitutional right to equal protection of the law when other procedures to protect those rights are equally effective and available. If defendant has a claim that he has been denied equal protection of the law by the state's use of peremptory challenges to systematically exclude blacks from jury service, he can raise that objection by making a motion to quash the jury panel, motion for a mistrial, or motion for a new trial. See State v. Washington, 375 So.2d 1162 (La.1979); State v. Brown, 371 So.2d 751 (La.1979); State v. Bias, 354 So.2d 1330 (La.1978). These motions provide an adequate procedural remedy for discriminatory selection of jurors and that remedy was available to defendant.
Turning to defendant's contention that we should construe his objection to the racial composition of the petit jury venire or his attempted jury waiver as in effect objections to the state's use of peremptory challenges to systematically exclude blacks from jury service, we note that defendant did not argue this objection at trial. However, even if we construe defendant's motions as encompassing such an objection, defendant's claim is still without merit. To substantiate a claimed equal protection violation a defendant must make a prima facie showing that the state has systematically excluded blacks from jury service over a period of time. Once defendant has done so, the state bears the burden of proving that there was no discrimination. State v. Brown, 371 So.2d at 753. Defendant in the instant case failed to make a prima facie showing. He presented no evidence of systematic exclusion of blacks from jury service over a period of time.
Defendant's complaint about denial of a constitutional right to trial without jury is without merit. Defendant has not shown that a fair trial by jury in this case was impossible or unlikely. State v. Muller, 351 So.2d 143 (La.1977). In this case defendant had the right to be tried by judge, *58 but chose not to exercise that right timely. Article I Section 17 of the Louisiana Constitution of 1974, C.Cr.P. Art. 780.
Defendant contends (Assignment of Error No. 5) that the judge ad hoc erred when he denied defendant's motion to recuse the trial judge. The trial judge had presided over the earlier trial of the defendant in the same case which had resulted in a hung jury. Prior to the trial defense counsel asked the trial judge whether he had formed an opinion regarding the guilt or innocence of the defendant. The judge replied that he had formed an opinion, but did not disclose what that opinion was. Despite the fact that the trial judge urged the defendant to file his recusal motion prior to trial, the defendant waited until the second day of the trial before moving to recuse the trial judge.
The judge ad hoc ruled correctly that defendant's recusal motion was untimely. C.Cr.P. Art. 674 requires a motion for recusal to be filed prior to the commencement of the trial unless the party discovers the facts constituting the ground for recusal after the trial begins. Defendant knew that the judge had formed an opinion about the case before trial and should have filed the recusal motion at that time.[6]
Defendant's final assignment of error (Assignment of Error No. 6) is that the trial court erred in denying his motion for a new trial based on newly discovered evidence. The evidence alleged to have been discovered after trial was contained in the presentence investigation report. The report stated that after defendant confessed to the rape-murder of Vonda Harris (See 380 So.2d 46, handed down this day, January 24, 1980) and the rape in the instant case, Manning confessed to raping two other women. The police officers who had questioned Manning testified at the hearing for a new trial that these victims could not identify the defendant as their attacker.[7]
In considering a motion for a new trial based on newly discovered evidence, the test employed is whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Kelt, 362 So.2d 751 (La. 1978); State v. Lovett, 359 So.2d 163 (La. 1978). The trial court has considerable discretion in evaluating the impact of newly discovered evidence on the verdict and its ruling will be disturbed only where there is a clear showing of abuse of that discretion. State v. Huckaby, 368 So.2d 1059 (La.1979).
We find no abuse of discretion here. Defendant's confession to the other rapes was not sufficiently relevant to the issues involved in this case, and in any event defense counsel was armed prior to trial with the knowledge that his client had in fact confessed to the rape of two additional victims.

Decree
For the foregoing reasons the conviction and sentence of defendant is affirmed.
AFFIRMED.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I concur, since it appears that the defendant did not establish a prima facie case of racially motivated peremptory challenges even within the context of the present case.
NOTES
[1] The rape-murder of Vonda Harris is the subject of our opinion in State v. Manning, 380 So.2d 46, handed down this day, January 24, 1980.
[2] Assignment of error number two was not argued and is assumed to be abandoned.
[3] Official Revision Comment (d) to Code of Criminal Procedure Article 780 provides:

"This article makes no mention of the time when the defendant must elect nor of the situation in which the defendant wishes to revoke his waiver. The provisions of this article have been operative since 1921, and there has been no problem with such matters. They have been handled satisfactorily under the general authority of courts to regulate their business."
[4] Interestingly, there is a provision in our law which requires a defendant to exercise his right to waive jury trial prior to the commencement of the trial. That requirement applies only in the legislative transition period between the 1921 and 1974 constitutions. Acts 1975, 1st Ex.Sess. No. 16 amending C.Cr.P. Art. 780 provides in Section 2 as follows:

"A defendant charged with the commission of an offense alleged to have been committed prior to midnight December 31, 1974, shall, except as hereinafter provided, be tried in accordance with the jury provisions applicable at the time of the commission of the offense. Prior to the commencement of trial in such cases, the court shall advise the defendant that he may elect to be tried under the jury provisions of the Louisiana Constitution of 1974, and failure of the defendant to so elect prior to the commencement of the trial constitutes a waiver of his right to be tried under the jury provisions of the Louisiana Constitution of 1974."
[5] The case had been scheduled for Monday morning. On Friday defense counsel discussed with the judge the possibility of his moving to recuse the judge and/or waiving jury trial. The judge urged defendant to file his recusal motion or jury waiver that day. Defendant's case was first on the docket and scheduling another judge to hear a recusal motion after defendant's trial commenced would have entailed a serious disruption of the court's affairs. See State v. Robinson, 43 La.Ann. 383, 8 So. 937 (La.1891).
[6] We do not imply that defendant's claim was meritorious. In a trial before a judge a preconception of guilt is probably grounds for recusation. This is not necessarily so in a jury trial. State v. Wilson, 362 So.2d 536 (La. 1978). We note that the judge's tentative opinion in this case (which for present purposes we assume was unfavorable to defendant) was prompted by his having presided over a previous trial of defendant for the same offense (which ended in a mistrial) in which all the evidence was presented.
[7] Defense counsel prior to trial did not know the Names of the other women Manning had confessed to raping but he did know from testimony given at the preliminary hearing that his client had confessed to several other rapes.