390 So.2d 1270 (1980)
STATE of Louisiana
v.
Robert BICE.
No. 67331.
Supreme Court of Louisiana.
October 31, 1980.
Rehearing Denied December 15, 1980.
Larry P. Boudreaux, Thibodaux, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., John J. Erny, Jr., Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Robert Bice was charged in separate bills of information with attempted second degree murder, in violation of La.R.S. 14:27; 14:30.1, and armed robbery, La.R.S. 14:64. The prosecutions were consolidated, and after trial by jury beginning on December 3, 1979, defendant was found guilty as charged of both offenses. On December 21, 1979, the trial court denied defendant's application for a new trial and thereafter sentenced him to sixty years' imprisonment at hard labor on the armed robbery charge, and fifty years at hard labor for the attempted murder, the sentences to run concurrently. *1271 Defendant has now appealed his convictions and sentences to this Court, urging nine assignments of error filed below. We have reviewed the assignments which allege trial error and find them without merit. To this extent, defendant's convictions and sentences are affirmed. We agree with counsel, however, that the trial court should hear the testimony of one Harold Scallon, a co-participant in the case, before ruling finally on the motion for a new trial. Accordingly, we remand this case for a rehearing of that motion.
According to the state's theory of the case, Harold Scallon recruited defendant, together with an Ernest Arceneaux and John Costales, in a plan to extort money from a Doris Guidry. In the course of that effort, the victim was shot and stabbed when the men burst into her home. At trial, Arceneaux and Costales testified for the state, bolstering Guidry's account of the offense and her identification of defendant as one of her assailants. For his part, defendant claimed an alibi. In the recess that followed defendant's testimony, the prosecutor learned (apparently for the first time) that Scallon claimed defendant had helped in the planning, but did not directly participate in the assault on the victim. That account contradicted, at least in part, testimony from other state witnesses, including the victim. Informed of Scallon's story by the prosecutor, counsel attempted to call the witness to the stand, Scallon, whose charges out of the incident were still pending, claimed his Fifth Amendment privilege, and did not testify.
At the hearing on the motion for a new trial, counsel testified that he had talked with Scallon in the parish prison after defendant's conviction. At this time, according to counsel, Scallon completely exonerated defendant of any involvement in the offense. Counsel hoped to place this testimony before the trial court, on a claim of newly discovered evidence. La.C.Cr.P. Art. 851(3). Cf. State v. Brooks, 386 So.2d 1348 (La.1980), Scallon was again called to the stand and, with his own trial date less than three weeks away, again claimed his Fifth Amendment privilege. Accordingly, counsel suggested that the trial court postpone ruling on the motion until after Scallon's trial date. The trial court refused any delay. It noted that "... where someone is charged with being a co-defendant with another person and subsequently ... comes forward to give evidence favorable to a defendant, that such newly discovered evidence should be received with extreme caution..." and that a "... trial judge is not compelled to credit new evidence which he considers suspicious or even incredible."
In oral argument before this Court, counsel stated that Scallon has now resolved his case with the state on a plea bargain, and that he has again completely exculpated defendant, this time in a statement given to a probation officer conducting a presentence investigation. On this showing, he asks for a remand in order to pursue Scallon's testimony.[*]
This Court has repeatedly held that "[i]n considering a motion for a new trial based on newly discovered evidence, the test employed is whether the new evidence is so material that it ought to produce a different result than the verdict reached." State v. Manning, 380 So.2d 54, 59 (La.1980) (citations omitted). Under this standard, we agree with the trial court that it should receive Scallon's testimony with caution. See State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).
Nevertheless, we think it clear that the trial court should hear that testimony before making any final determination as to its weight and materiality. Defendant's appeal is still pending, and Scallon's testimony is now apparently available where it was not before. We therefore deem it appropriate *1272 to remand this case for rehearing of the motion. The trial court is to determine in the context of the entire record whether Scallon's testimony is so compelling that it ought to produce a different result before a different jury. State v. Manning, supra. In the event of adverse ruling, we reserve to defendant the right to appeal the denial of his motion for a new trial.
CONVICTION AFFIRMED; CASE REMANDED.
LEMMON, J., concurs with reasons.
LEMMON, Justice, concurring.
Although I concur in the affirmation of this conviction with the remand for continuation of the hearing on the motion for new trial, I note what I perceive as portentous implications underlying the basic problem presented here.
It is fundamentally unfair for the prosecution effectively to preclude the presentation of evidence favorable to an accused by placing a defense witness in such a position that, by giving testimony which is exculpatory to the defendant, he must incriminate himself. Concededly, the present case does not yet present this problem, because there has not yet been a showing that the witness (the alleged mastermind of the robbery for which defendant was sentenced to sixty years imprisonment) would in fact give exculpatory testimony. Nevertheless, this court will eventually be faced with the question of judicial authority to grant immunity to defense witnesses, when the circumstances are appropriate and an adequate showing has been made.
Thus far, only the prosecution has had the availability of the powerful investigative and truth-seeking device of "use immunity". See La.C.Cr.P. art. 439.1; 18 U.S.C. § 6002; Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Decisions of the federal courts of appeals have conflicted with regard to the relationship between the accused's right to compulsory process and the power of the judiciary to immunize a witness on appropriate motion and showing by the accused. See Virgin Islands v. Smith, 615 F.2d 964 (3rd Cir. 1980); United States v. Lenz, 616 F.2d 960 (6th Cir. 1980); United States v. Turkish, 623 F.2d 769 (2d Cir. 1980). While this court has previously declined the opportunity to address the problem, the divergent views expressed by the different federal circuits creates an appropriate climate for definitive treatment by the Supreme Court of the United States.
Until the issue of defense witness immunity is resolved, the appropriate procedure when a defense witness is not able to testify at trial because of self-incrimination problems, but the favorable testimony subsequently becomes available after conviction, is to file a motion for new trial or a motion for remand within any reasonable period after the witness' testimony becomes available. If the evidence is such that the result would have been different, it is an abuse of discretion to refuse to consider the evidence.
NOTES
[*] Article 853 provides in pertinent part that:

"When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.