407 So.2d 1234 (1981)
STATE of Louisiana
v.
Robert BICE.
No. 81-KA-0322.
Supreme Court of Louisiana.
December 14, 1981.
Rehearing Denied January 25, 1982.
*1235 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., John J. Erny, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Larry P. Boudreaux, Thibodaux, for defendant-appellant.
LUTHER F. COLE, Associate Justice Ad Hoc.[*]
Defendant Robert Bice was charged in separate bills of information with attempted second degree murder, La.R.S. 14:27, 14:30.1; and armed robbery, La.R.S. 14:64. The prosecutions were consolidated, and after trial by jury beginning on December 3, 1979, defendant was found guilty as charged of both offenses. On December 21, 1979, the trial court denied defendant's application for a new trial and thereafter sentenced him to sixty years' imprisonment at hard labor for the armed robbery charge, and fifty years at hard labor for the attempted murder, the sentences to run concurrently. Defendant appealed the convictions and sentences to this Court, urging nine assignments of error, including error by the trial court in its denial of defendant's motion for a new trial. This court summarily affirmed, but remanded the case for a rehearing of the motion for a new trial. See, State v. Bice, 390 So.2d 1270 (La.1980). Upon remand, the refusal of the sole witness to testify resulted in the defense attorney making a motion to continue[1] or to leave the record open, or in the alternative, a new trial. The trial court denied the motions. Defendant now appeals the adverse ruling urging two assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
By these assignments defendant contends the trial court committed error in denying defendant's motion to delay the rehearing of the motion for a new trial, or in the alternative, to grant the new trial.
The following facts were adduced during the trial. Harold Scallon recruited defendant, together with Ernest Arceneaux and John Costales, in a plan to extort money from a Doris Guidry. The defendant and the others allegedly forced their way into the victim's home, and thereafter, shot and stabbed her. The defendant took the stand and claimed an alibi. During the recess which followed defendant's testimony, the prosecutor informed defense counsel of a statement by Scallon to the effect the defendant did not directly participate in the assault on the victim. However, when called to the stand by the defense, Scallon invoked his privilege against self-incrimination on the grounds proceedings arising out of this incident were still pending against him.
*1236 At the hearing on defendant's original motion for a new trial,[2] counsel testified he had talked with Scallon in the parish prison after defendant's conviction and Scallon had completely exonerated defendant of any involvement in the offense. Scallon himself was called to the stand during the hearing on the motion for a new trial but, with his own trial still pending, re-invoked his 5th Amendment privilege. To resolve this impasse, counsel suggested the trial court postpone ruling on the motion until after Scallon's trial date. Both counsel's request for delay and his motion for a new trial were denied. State v. Bice, supra, 390 So.2d at 1271.
At oral argument in this Court, counsel then suggested that Scallon had negotiated a plea bargain with the state and was therefore available to testify. Consequently, he moved in this Court for a remand in order to pursue Scallon's testimony. This Court noted Scallon's testimony was now apparently available where it had not been before, and remanded the case for rehearing of the motion.
The rehearing on the motion for a new trial was held on January 15, 1981. At the rehearing, the only witness called to the stand was Scallon. When questioned by defense counsel, Scallon again asserted his 5th Amendment privilege against self-incrimination, this time justifying his refusal on grounds of a recent habeas petition filed in his behalf. Based on the witness' refusal to testify, defense counsel moved for a continuance of the rehearing until such time as Scallon would testify. The trial judge denied this motion, stating in pertinent part:
"I have had the rehearing on the motion for a new trial, and Mr. Scallan has again taken the Fifth Amendment. Unless the Louisiana Supreme Court orders me to have a rehearing to the rehearing for a new trial, as far as I am concerned this is a conclusion of that matter. My ruling is that the rehearing on the motion for a new trial is denied."
This court has held repeatedly the test to be applied in considering a motion for a new trial based on newly discovered evidence is whether the new evidence is so material that it ought to produce a different result from the verdict rendered at trial. State v. Spell, 399 So.2d 551 (La.1981); State v. Manning, 380 So.2d 54 (La.1980); State v. Molinario, 383 So.2d 345 (La.1980). The trial judge has considerable discretion in evaluating the impact of newly discovered evidence on the verdict, and his ruling will not be disturbed absent a clear showing of abuse of that discretion. State v. Spell, supra; State v. Manning, supra; State v. Reed, 378 So.2d 923 (La.1979).
In the instant case, defense counsel had made several attempts to place before the trial judge allegedly exculpatory testimony of a co-participant.[3] In its per curiam opinion, this court noted:
"Defendant's appeal is still pending, and Scallon's testimony is now apparently available where it was not before. We therefore deem it appropriate to remand this case for rehearing of the motion. The trial court is to determine in the context of the entire record whether Scallon's testimony is so compelling that it ought to produce a different result before a different jury. State v. Manning, supra. In the event of adverse ruling, we reserve to defendant the right to appeal the denial of his motion for a new trial." State v. Bice, 390 So.2d at 1271-72.
The reason stated by this court for a remand is no longer present. Scallon's testimony is not available. Any attempt to determine the time-frame involved in concluding Scallon's habeas corpus remedies would be merely speculative. Additionally, the defense has not made a showing the evidence (Scallon's testimony) it intends to utilize to support his motion for a new trial *1237 will at some time become available.[4] There being no new evidence adduced and no indication as to the future availability of Scallon's testimony, the trial judge did not abuse his discretion in denying defendant's new trial and continuance motion.
There have been suggestions that under the proper circumstances the court should have the authority to grant immunity to defense witnesses where they have knowledge of evidence favorable to the accused.[5] Not only was the issue of judicial immunity not presented by defense counsel during the trial, nor is it now urged on appeal, the defendant possesses no statutory or constitutional right to defense witness immunity. See, State v. Mattheson, 407 So.2d 1150 (La.1981). The only remedies available to defense counsel were an indefinite continuance or witness immunity. Counsel opted correctly for the former, there being no authority for the latter.
In light of defendant's numerous attempts to obtain the witness' testimony and the inability of defense counsel to insure a conclusion of the matter in the near future, we conclude the trial court did not abuse its discretion in denying defendant's motions and, therefore, find the assigned errors to be without merit.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
Scallon had been convicted and his conviction had become final when he was called as a witness at the hearing on defendant's motion for a new trial. However, he had filed a post-conviction writ, which was then pending.
The trial judge should have either (1) continued the hearing on defendant's motion until Scallon's post-conviction writ was disposed of, or (2) denied Scallon the right to invoke the privilege against self incrimination as to an offense in which his conviction has become final.[1]
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr., of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc., joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Defendant labeled this motion as one for a continuance. After a scheduled trial of hearing begins the appropriate delay is a recess. See, La.C.Cr.P. Art. 708. However, this court will examine the motion as though properly denominated, by the same standards applicable to a continuance. State v. White, 389 So.2d 1300 (La.1980).
[2] Defendant's new trial motion was based, inter alia, on a claim of newly discovered evidence. La.C.Cr.P. Art. 851(3); State v. Brooks, 386 So.2d 1348 (La.1980).
[3] Scallon took the 5th Amendment each time he was called as a witness during the course of this prosecution, including the rehearing of the motion for a new trial.
[4] La.C.Cr.P. Art. 854(4) requires that the defendant or his counsel show, "[t]hat the witnesses or evidence are not beyond the process of the court, or are otherwise available."
[5] See Justice Lemmon's concurrence to the prior opinion in this case. State v. Bice, supra, 390 So.2d at 1272.
[1] When a witness has been convicted and his direct appellate remedies have been exhausted, he has no absolute right to claim the privilege against self-incrimination as to the crime for which he was convicted. See 8 J. Wigmore, Evidence § 2279 (McNaughton rev. 1961), as discussed in Commonwealth v. Rodgers, 472 Pa. 435, 372 A.2d 771, 780 (Pa.1977).

The assertion of the privilege under those circumstances should not be routinely approved. Rather, the trial judge should rule on the assertion according to the facts and circumstances of the particular case, weighing the interest of justice in the presentation of the evidence against the likelihood that the witness' final conviction will be overturned. In the event the privilege is denied and the witness does ultimately obtain a reversal of the conviction, the witness can be protected by the exclusion of the incriminating testimony at the retrial.