LeBLANC, Judge.
The sole issue in this slip and fall case is whether the trial court erred in refusing to grant defendant a continuance.
While shopping on November 4, 1985, plaintiff, Judy Kinchen, was injured in a fall on the premises of a K-Mart store located in Baton Rouge. A necklace, comprised of round, plastic beads covered with a metallic gold paint or lacquer, was the only foreign object or substance found on the floor in the vicinity. Thus, a crucial issue at trial was whether Ms. Kinchen had slipped on this necklace, which was found within a few feet of the spot where she fell.
Shortly after the accident, the necklace was retrieved by a K-Mart employee, Ms. Janet Nystrom, and turned over to a claim adjustor for the underwriter which handled defendant, K-Mart’s, claims, where it remained until sent to defense counsel in mid-December of 1989. Before receiving the necklace, defense counsel discussed with Andy Condrey, the underwriter’s adjustor assigned to the case, the fact that the necklace was intact and undamaged. Upon receipt of the necklace, defense counsel and his secretary examined the necklace and independently concluded it was undamaged. On December 22, 1989, defense counsel delivered the necklace to plaintiffs’ counsel for his inspection. Defense counsel did not regain possession of the necklace prior to trial.
During questioning of Ms. Janet Nys-trom at trial, defense counsel did request the return of the necklace from plaintiffs’ counsel. When plaintiffs’ attorney complied, defense counsel immediately noticed that a large fleck of metallic paint was missing from the largest bead on the necklace, which had not been the case when it was delivered to plaintiffs’ counsel. Nevertheless, defense counsel proceeded to have Ms. Nystrom identify the necklace, asked her whether the necklace was in the condition she found it in, to which she responded affirmatively, and then introduced the necklace into evidence. Defense counsel did not make any reference to the altered condition of the necklace for the remainder of that day.
Upon resumption of the trial the following day, however, defense counsel moved for a mistrial based on the altered condition of the necklace. He contended that this surprise alteration in the condition of the necklace left him unprepared to adequately defend K-Mart, because he was not able on such short notice to obtain the presence of witnesses who could testify to the prior undamaged condition of the necklace. Defense counsel also argued that he himself was one of the witnesses as to the prior condition of the necklace, and that it would be untenable for him to be a witness and an attorney in this case. On this basis he maintained that “a continuance won’t do ... unless it’s a lengthy continuance to allow another lawyer an opportunity to come in and defend K-Mart because I can’t do it adequately under the circumstances.”
When the trial court asked defense counsel why he had not raised the issue of the necklace’s condition the previous day, he responded that he “wasn’t sure” that the *30 necklace had been undamaged and “wanted to check and make absolutely sure ... before I said anything about it.” The person defense counsel checked with that evening was his secretary, who was available to testify at trial that day.
Plaintiffs’ counsel acknowledged that the fleck of paint fell off the necklace while it was in his possession, but he maintains the paint was already cracked when he received it and the paint merely fell off during handling. Plaintiffs’ attorney also conceded that he neglected to inform defense counsel of this fact.
The trial court denied defendant’s motion and the trial proceeded. The following stipulation between the parties, drafted by defense counsel, was subsequently read to the jury by the trial court.
That, if called to testify, the representatives and attorney for K-Mart would testify as follows: That the beads found by Janet Nystrom on the day of the alleged accident were given by her to a representative of K-Mart’s adjusting company who kept the beads until they were given to defendant’s attorney about two weeks ago. That the beads were voluntarily given to the plaintiff lawyers about one week ago still intact and undamaged. Further, that, if called to testify, the representatives and the attorney for the plaintiff would testify as follows: That when plaintiff’s counsel received the beads, the outer covering was cracked and, in the process of handling, part of the covering fell off. It is further stipulated between the parties that the defense lawyer was not told about the damaged condition of the beads and how it happened until he asked the plaintiff’s attorney about the condition of the beads this morning, the second day of trial.
After deliberation, the jury returned a yer-dict finding K-Mart liable for Mrs. Kin-chen’s damages, which it fixed at $264,-000.00. Mr. Kinchen was also awarded $1000.00 for loss of consortium. After the rendition of judgment in accordance with this verdict, defendant appealed, contending the court erred in denying his request for a continuance.[2]
Defendant asserts that peremptory grounds for a continuance existed under La.C.C.P. art. 1602, which provides that a continuance should be granted either: (1) when a party, despite due diligence, is unable to obtain material evidence or (2) when a material witness has absented himself without the contrivance of the party seeking the continuance. Initially, we note that the conduct of plaintiffs’ counsel was less than exemplary since, without question, he should have notified defense counsel immediately when the condition of the necklace was altered. Further, at trial his attitude toward this lapse appeared quite cavalier, with him offering no explanation on the record for his failure to inform defense counsel of the alteration.
Nevertheless, we can not agree with defendant’s contention that peremptory grounds for a continuance existed in this case. Nor do we find that the trial court abused its discretion in refusing to grant a continuance on other grounds.
La.C.C.P. art. 1604 provides that when a motion for a continuance is based on the absence of a material witness, the continuance should be denied and the trial should proceed if the adverse party admits that the absent witness would testify, if present, as alleged by the party seeking the continuance. In the instant case, plaintiff stipulated that, if called to testify, defendant’s witnesses would testify that the necklace was intact and undamaged when it was turned over to plaintiffs’ counsel. Further, plaintiffs’ counsel admitted in this *31 stipulation that the fleck of paint fell off the necklace while it was in his possession, and that he failed to inform defense counsel of this fact prior to trial. While defendant may have preferred to have the underwriter’s adjuster testify in person at trial, we do not find he was prejudiced by the trial court’s refusal to grant a continuance for this purpose, in view of the stipulation agreed to by plaintiffs’ counsel, which defense counsel drafted himself. Under the circumstances, the trial court acted within its broad discretion in denying defendant’s request for a continuance.
For the reasons assigned, the judgment of the trial court is affirmed. Nevertheless, given the equities in this case and the fact that the situation giving rise to plaintiffs’ request for a continuance was created by the conduct of plaintiffs’ counsel, the costs of this appeal are assessed one-half against appellant and one-half against ap-pellees. La.C.C.P. art. 2164.
AFFIRMED.

. Although the Code of Criminal Procedure distinguishes between a continuance and a recess, the former being a postponement of a scheduled trial and the latter being a temporary adjournment after commencement of a trial, the Code of Civil Procedure makes no such distinction. See La.C.Cr.P. art. 708. However, even under the Code of Criminal Procedure, requests for continuances and recesses both are evaluated under the same standard. State v. Bice, 407 So.2d 1234 (La.1981); State v. Cathey, 493 So.2d 842, 852 (La.App. 5th Cir.1986); writ denied, 500 So.2d 419 (1987), cert. denied, 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987). Thus, even if a distinction is also technically correct in civil cases, we believe the same standard applied to a request for a continuance should likewise be applied to a request for a recess.