384 So.2d 431 (1980)
STATE of Louisiana
v.
Neely CALDWELL.
No. 66370.
Supreme Court of Louisiana.
May 19, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Leon A. Cannizzaro, Asst. Dist. Atty., for plaintiff-relator.
Bernard Jack Usprich, New Orleans, for defendant-respondent.
WATSON, Justice.[*]
In defense of a charge that he had possessed stolen property in violation of LSA-R.S. 14:69, defendant, Neely Caldwell, filed a motion to suppress evidence seized in a search of his residence on October 23, 1979. After a hearing, the trial court sustained defendant's motion, and a writ of certiorari was granted to review this ruling.
*432 The only issue is whether the trial court erred in granting the motion to suppress because the affidavit contained an incorrect statement. The affidavit stated that a confidential informer had provided information in the past to the New Orleans Police Department "which has led to many arrests and convictions in the area of felony arrests." However, testimony at the suppression hearing revealed that the informer's past information had produced arrests but not convictions.
The State contends that the trial court should have determined whether the affiant made the error intentionally. It is argued that it was made in good faith, and the trial court should have excised the error, judging the remainder of the affidavit for probable cause.
Defendant counters that all of the information provided by the informer should be excluded from the warrant, because the error taints his reliability and all his information.
The State's position is correct.
The trial court prematurely suspended its consideration. If an affidavit has an error, the court must then decide whether the affiant intentionally tried to mislead the magistrate. Intent determines the effect of the inaccurate information on the constitutionality of the search.
In State v. Rey, 351 So.2d 489 (La., 1977) this court stated that when there is unintentional inclusion of incorrect information in a search warrant's supporting affidavit:
"... the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause." 351 So.2d at 492.
No warrant, however, can survive the intentional deception of a magistrate by an affiant. State v. Rey, supra; State v. Lamartiniere, 362 So.2d 526 (La., 1978).
The only witness at the suppression hearing, the officer who had prepared the affidavit, stated, without contradiction, that the error occurred because "we were tired, and we were in a rush and we were in a hurry." (Tr. 9) There is no indication that the affiant intended to deceive the magistrate when he wrote that the informer's information had led to numerous convictions.[1] The error in the affidavit was unintentional.
Defendant challenges only the statement establishing the reliability of the informer. Without the reference to convictions, his trustworthiness rests on the fact that his information had in the past resulted in numerous felony arrests.
Reference to arrests alone is sufficient to establish the trustworthiness of a confidential informer's information. "No requirement exists, as defendant contends, that the arrests must have resulted in convictions." State v. Richards, 357 So.2d 1128 (La., 1978).
Since the trustworthiness of the informer is established and since the affidavit is otherwise sufficient, the search warrant was properly issued.
Accordingly, the ruling of the trial court is reversed, and the motion to suppress is denied. The case is remanded for further proceedings according to law.
REVERSED AND REMANDED.
NOTES
[*] Honorable FREDERICK STEPHEN ELLIS participated in this decision as Associate Justice Ad Hoc.
[1] "On the trial of a motion to suppress . . the burden of proof is on the defendant to prove the grounds of his motion." LSA-C. Cr.P. art. 703.