491 So.2d 498 (1986)
STATE of Louisiana,
v.
Wilbert G. EBEY a/k/a "Daigo".
No. CR 84-1027.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1986.
*499 George Higgins, III, Higgins & Starling, Pineville, for defendant-appellant.
R. Greg Fowler, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
Defendant-appellant, Wilbert G. Ebey, also known as "Daigo", was charged by bill of information with two counts of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1.
Appellant filed a pre-trial motion seeking to suppress from use at trial two firearms seized from an apartment pursuant to a search warrant. In support of this motion, defendant contended that the affidavit supporting the search warrant was insufficient to establish probable cause. Defendant's motion was denied, the trial court concluding that the warrant was supported by an affidavit establishing probable cause.
Appellant was thereafter tried and convicted of one count of attempted possession of a firearm by a convicted felon. Following the denial of a motion for a post-judgment verdict of acquittal, defendant was sentenced to serve four (4) years with the Department of Corrections without benefit of parole, probation or suspension of sentence.
Defendant appeals his conviction urging the following assignments of error:
1. The trial court erred in not granting the defendant's motion to suppress evidence.
2. The trial court erred in not granting a post verdict judgment of acquittal in that (a) attempted possession of a firearm by a convicted felon is not a responsive verdict under La.C.Cr.P. art. 814; (b) attempted possession of a firearm by a convicted felon requires a showing of specific intent and not general criminal intent; (c) the evidence at trial was insufficient to support a verdict of guilty of the crime of attempted possession of a firearm by a convicted felon.

FACTS
On December 30, 1983, officers of the Rapides Parish Sheriff's Department, pursuant to a search warrant, searched an apartment designated as Apt. C, 291 Dupree St. in Pineville, Louisiana. The search warrant and its supporting affidavit alleged that the defendant resided at the above address; an accidental shooting occurred at that address on December 28, 1983; information secured from confidential informants, within 48 hours of December 28, 1983, confirmed that defendant had a "Thompson sub-machine gun" at his residence; and, defendant was a convicted felon. The search made pursuant to this warrant uncovered a .38 caliber handgun and a semi-automatic commando weapon. Defendant was subsequently charged by bill of information with two counts of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. Following a jury trial, the defendant was convicted, by unanimous verdict, of one count of attempted possession of a firearm by a convicted felon.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error the defendant contends the trial judge erred in denying his motion to suppress. In support of this contention, defendant urges that the affidavit supporting the issuance of the *500 search warrant lacked a showing of probable cause. Specifically, defendant urges that the affidavit was based on information supplied by confidential informants whose credibility and reliability was not adequately established in the affidavit. Defendant further urges that the apartment searched was not his residence as set forth in the affidavit, and that such misstatement of fact, even though unintentional, should have been excised from the affidavit. Defendant contends that, excising the allegation that the named apartment was the defendant's residence, the affidavit on its face shows a lack of probable cause.
After carefully examining the record, we conclude that we need not categorically determine whether probable cause existed for issuance of the search warrant in this case under the "totality of circumstances" test announced in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), as the Fourth Amendment exclusionary rule no longer bars the admission of evidence seized in reasonably good-faith reliance on a search warrant that is subsequently held to be defectively invalid. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).[1]
In Leon, supra, the United States Supreme Court concluded that evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a search warrant issued by a neutral and detached magistrate need not be excluded, as a matter of federal law, from the case-in-chief of federal and state criminal prosecutions.
The United State Supreme Court in Leon reasoned that the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates. Secondly, they stated there exists no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment. Thirdly, they discerned no reason to believe that exclusion of evidence seized pursuant to a warrant will have any significant deterent effect on the issuing judge. Leon, supra. 104 S.Ct. 3405, at 3418.
The Leon exception to the exclusionary rule was applied by our brethren of the First Circuit in State v. Shannon, 472 So.2d 286 (La.App. 1st Cir.1985); by our brethren of the Second Circuit in State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984); and, by our brethren of the Fifth Circuit in State v. DiMaggio, 461 So.2d 439 (La.App. 5th Cir.1984). In the cited cases, the courts concluded that the Leon exception to the exclusionary rule is applicable to cases arising under Article 1, Sec. 5 of the Louisiana Constitution of 1974. We agree with this conclusion.
According to Leon, suppression of evidence obtained pursuant to a warrant should be considered on a case by case basis and exclusion ordered only in those unusual cases where the purposes of the exclusionary rule will be furthered, i.e., the deterrence of illegal police conduct.
The court in Leon enummerated four instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and, (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Leon, at 104 S.Ct. 3421, 3422.
The record in the instant case establishes an objectively reasonable good faith reliance on the search warrant by the executing officers. The search warrant was issued by a neutral and detached magistrate. There is no showing that the affiant *501 recklessly made any false statements on the affidavit. While perhaps not passing constitutional muster as establishing probable cause, neither is the affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. The affidavit refers to a shooting incident which occurred at the defendant's residence two days prior to issuance of the warrant. Further, the affidavit does state that the illegal weapons were seen by one confidential informant at the residence of the defendant. Also, the other confidential informant was told by defendant that he had a sub-machine gun. Even though there is technically no mention in the affidavit of the credibility and reliability of the informants, the affidavit, although technically deficient, does more than just present the bare bones conclusions of the affiant.
Accordingly, under the Leon exception to the exclusionary rule, the evidence seized pursuant to the warrant was admissible. We adopt this exception. The assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error the defendant contends that his conviction for attempted possession of a firearm was not a proper responsive verdict and, in any event, the evidence presented at trial was insufficient to convict.
Defendant's first argument is based on the fact that such a verdict is not found among the list of responsive verdicts in La.C.Cr.P. art. 814. This first argument is without merit. Since the charged crime of possession of a firearm is not listed in article 814, La.C.Cr.P. art. 815 become applicable.[2] The question of whether attempt is a valid responsive verdict to this crime has been previously passed upon by the Louisiana Supreme Court. In State v. Ford, 407 So.2d 688 (La.1981), the court stated:
"Finally, defendant assigns error in the jury's returning a verdict of attempted unlawful possession of a firearm, argues that attempt cannot be a responsive verdict under the facts of the case. R.S. 14:27(C) makes an attempt a lesser included offense of the charged crime. Defendant's argument appears to be with the legislature's definition of an attempt, but we are not persuaded that his rights were somehow violated when the jury convicted him only on attempt when they could have convicted him of the crime itself. Perhaps they reasoned that his offense was committed when he was outside the car and not in physical possession of the firearm at the time. Regardless, we find no merit to this assignment." State v. Ford, supra, at 691.
Thus, it appears clear that the jury may properly convict the defendant of attempt when it could have convicted him of the crime itself. La.R.S. 14:27.
The record presents sufficient evidence upon which the jury could have reached its verdict. The evidence presented included testimony that he was seen carrying the weapons on his person and/or in his car prior to the seizure leading to his arrest. After the guns were seized, Ebey was overheard to say "they've got my guns". Although the apartment from which the guns were seized was leased to the defendant's girlfriend, he spent a substantial amount of time there and the jury chose to believe that the guns belonged to him. The assignment is without merit.
For the foregoing reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.
NOTES
[1] We apply this exception to the exclusionary rule even though, at the time of the ruling on the motion to suppress, United States v. Leon, supra, had not been decided.
[2] La.C.Cr.P. art. 815 states:

"In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty."