499 So.2d 91 (1986)
STATE of Louisiana
v.
Dennis WATKINS and Geri Hart.
No. K 5248.
Court of Appeal of Louisiana, Fourth Circuit.
May 20, 1986.
On Rehearing November 21, 1986.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., and Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for State.
Joseph Neves Marcal, III, New Orleans, for defendants.
Before REDMANN, C.J., and WILLIAMS and ARMSTRONG, JJ.
REDMANN, Chief Judge.
We granted certiorari to afford to the state review of a suppression of evidence seized in execution of a search warrant. We now reverse.
The application for the warrant contains information from four separate reports during a two-day period from "a reliable confidential informant."
The first report is that Dennis Michael Watkins, residing at 2781 Sage street, New Orleans, has been for some time selling marijuana from that address; Watkins normally brings marijuana to the house on a Saturday or Sunday; the informant had been there when Watkins brought marijuana, and Watkins always brought a lot. The informant believed Watkins kept 20 to 30 pounds at the house. The informant had on a number of occasions seen persons leaving the house with what he believed to be large amounts of marijuana. The informant *92 stated that Watkins also stores marijuana in a shed in the rear of the house.
The informant's second report, later the same day, is that the informant believes Watkins "might have just received" another shipment of marijuana, and stored it in the back shed. Informant has been present at Watkins's residence when Watkins sold marijuana to others, and at other times when others were present and Watkins got, from a storage locker in which marijuana is stored, marijuana that "all subjects" (i.e., Watkins, informant and the others) smoked.
The third report, the following day, is that Watkins "had gotten rid of several pounds of marijuana and at this very moment was selling the remaining pounds."
The application then contains, as a separately-numbered item, a statement not attributed to the informant: "It should be noted that the shed mentioned ... is located at the same municipal address, however it is not connected to the aforementioned house. The shed is a one car shed and made of slate and is in the control of Watkins." (That description by the police officers is the result of their own inspection of the premises on the night of the first two reports, although they do not mention that inspection in the application.)
The fourth report from the informant, later the second day, is that the informant "had just spoken with Watkins, who indicated to him that he was about to move what marijuana he had left, and that if he wanted anything for him to come within the next few hours."
The police officers shortly after that report obtained the search warrant and executed it that same day.
At the hearing on the motion to suppress, one of the police officers testified. He explained that no surveillance of the residence was undertaken because of the information that disposition of the marijuana was imminent. The trial judge found the warrant defective because of lack of corroboration of the confidential informant's tips.
Surveillance "is unnecessary to establish probable cause. Lack of corroboration for the informant does not invalidate the warrant, when the other details of the affidavit support a reasonable inference of reliability." State v. Johnson, 404 So.2d 239, 244 (La.1981).
The amount of detail in an affidavit in support of an application for a search warrant may vary greatly. Perhaps no reasonable person would dissent, at the one extreme, from granting a warrant when a gigantic quantity of detail supports it or, at the other extreme, from refusing a warrant when the affidavit says no more than that a confidential informant says there is marijuana at a given address. But there is surely a not-so-clear area between those extremes, within which reasonable persons might well disagree on the sufficiency of the detail.
Because of the deference that must be given to the issuing magistrate, it is the issuing magistrate's reasonable, commonsense evaluation of the detail in the application that must prevail notwithstanding that a reviewing trial or appellate judge might not have issued a warrant on that application. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). To hold at a later suppression hearing that error in the issuing magistrate's evaluation of the amount of detail invalidates the warrant, the trial judge must find error as a matter of law: that is, he must conclude that no reasonable magistrate could have found the detail sufficient to establish reliability. We conclude that that cannot be said in the present case. There is enough detail in the confidential informant's reports from firsthand observation, as recited in the application, that a reasonable magistrate could find a substantial basis for issuing a warrant despite the absence of corroboration by police investigation other than a superficial inspection of the premises. To the reliability established by the amount of detail may be added the slight further reliability arising from the informant's admission *93 against interest that he smoked marijuana at the described premises. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); State v. Ogden, 391 So.2d 434 (La.1980).
We cannot say that the issuing magistrate's acceptance of this application for a search warrant as sufficiently detailed was wrong as a matter of law. The trial judge erred in holding the warrant defective.
Moreover, if one could conclude that the application and therefore the warrant were defective, evidence obtained by its execution is not excludible if the executing officers acted in a good-faith, reasonable reliance on the warrant. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). Considering the amount of detail provided by the executing officers and the apparent urgency in view of the fourth report from the confidential informant, we equally cannot say that the executing officers acted other than in good faith in reliance on the warrant.
Reversed; motion to suppress denied.
REVERSED.

ON REHEARING
We granted rehearing for two reasons.

I
The first was to respond to the argument that we erred in concluding that, against his own penal interest, the confidential informant had admitted to the police officers that he smoked marijuana provided by defendants at the searched premises. One sentence in the affidavit's report of the informant's recital that "all the subjects" smoked marijuana could arguable be interpreted as not including the informant himself among the "subjects." But that one sentence must be understood, first, in the general context (as told by the informant) of the informant's being present on several occasions when Watkins dealt in marijuana and brought "a lot of marijuana" to Watkin's residence for selling, and second, in the further context of the informant's statement that defendant Watkins "indicated to him that he was about to move what marijuana he had left, and that if he wanted anything for him to come within the next few hours." The informant thus indicates that he was deemed by Watkins to be a purchaser or potential purchaser of marijuana, which is not likely had the informant not joined when "all the subjects" smoked marijuana.
We conclude that we did not err in reasoning that the report of smoking by "all subjects" convicted the informant himself of using marijuana and therefore was a statement against his penal interest.
We reasoned in our original opinion that this case fell in the not-so-clear area between extremes, within which reasonable persons might well disagree on the sufficiency of detail. We now point out that our affidavit is surely more detailed than that of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which simply recited that the officers had "received reliable information from a credible person and do believe that" drugs and paraphernalia were kept at the premises to be searched.
We expand the reasoning of our original opinion by quoting from Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 2089, 80 L.Ed.2d 721 (1984) (although its affidavit was far stronger than ours):
In concluding that there was probable cause for the issuance of this warrant, the magistrate can hardly be accused of approving a mere "hunch" or a bare recital of legal conclusions. The informant's story and the surrounding facts possessed an internal coherence that gave weight to the whole. Accordingly, we conclude that the information contained in ... [the] affidavit provided a sufficient basis for the "practical, common-sense decision" of the magistrate. "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely *94 determined by the preference to be accorded warrants." United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

II
Our second reason for rehearing was that we omitted discussion of a warrantless search of Watkins's truck, from which 15 more pounds of marijuana was seized. This occurred when Watkins returned in the truck to his residence, some hours after execution of the search warrant. The original defense brief's argument was that the "warrantless search of the male defendant" was "fruit of the poisoned tree" because a consequence of execution of an invalid search warrant. We concluded that the warrant was not invalid, depriving that argument of its foundation. But we overlooked that, at its outset, the defense brief also asserted that "it is not correct that [Watkins] gave permission for any of the searches ... some hours later when [Watkins] was arrested outside of the house ... (see page 62 herein)." Page 62 of the application is page 45 of the suppression hearing transcript. Watkins there denies consenting. The trial judge does not appear to have ruled on this credibility question, and we cannot. We remand to the trial court for the credibility evaluation: depending on whether the trial judge believed the police officer or Watkins, he should deny or grant suppression of the marijuana seized from the truck.
Reversed as to the suppression of the evidence seized from the residence; remanded for reconsideration of the motion to suppress the evidence seized from the truck.
REVERSED IN PART, REMANDED IN PART.