DUFRESNE, Judge.
The defendant, Richard A. Shrader, was charged by Bill of Information with possession of Ethclorvynol (Placidyl) in violation of R.S. 40:969. At arraignment he pled not guilty. His Motion to Suppress the Evidence was heard and denied and he withdrew his plea of not guilty and entered a plea of guilty as charged, reserving his right to appeal the ruling on his Motion to Suppress as per State v. Crosby, 338 So.2d 584 (La.1976). After waiver of all legal delays, he was sentenced to six months without hard labor. This appeal followed and the appellant alleges one assignment of error.
*214 1. The trial court erred in failing to suppress evidence seized, pursuant to a search warrant signed based upon a defective affidavit by the police officer.
FACTS
The affidavit upon which the search warrant was issued alleges that 1) Agent Valenti was contacted by a reliable confidential informant who told him that the defendant was currently trafficking in pounds of marijuana and grams of cocaine. The confidential informant gave the defendant’s address, described the defendant and also the truck and motorcycle that the defendant drove; 2) Valenti located the residence, a trailer, and observed the described vehicles; 3) Valenti again met with the confidential informant who volunteered to make a purchase; 4) with Valenti conducting a surveillance, the confidential informant entered the trailer and stayed inside approximately ten minutes; 5) the confidential informant gave Valenti a clear plastic bag containing marijuana. The confidential informant also told Valenti that while inside the trailer, he observed several large plastic bags containing marijuana. Also, the defendant told the confidential informant that he had cocaine for sale. The affidavit states that the above events occurred on October 15, 1985; the search warrant was requested on November 15, 1985.
The defense counsel contends that the search warrant fails to establish probable cause because the affidavit in support describes events which occurred a month pri- or to the issuance of the warrant, therefore the information relied on is “stale” and does not show probable cause that the defendant’s selling of drugs was occurring at the time the warrant was requested.
At a hearing to suppress, Agent Valenti, who had drawn up and sworn to the affidavit, testified that the October 15 date at the beginning of the affidavit was a typographical error and that the events described occurred on November 15, 1985. Accordingly, the state contends the information was not stale and it supported a finding of probable cause.
An affidavit sworn in support of a search warrant is presumed valid. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); State v. Brannon, 414 So.2d 335 (La.1982). In the ordinary course of events, a defendant may attack the allegations of a search warrant and the veracity of the affiant at a motion to suppress hearing, to show that it is impossible for the affidavit to be true. State v. Paster, 373 So.2d 170 (La.1979). A defendant bears the burden of showing, by a preponderance of the evidence, that the affidavit contains false statements. State v. Brannon, supra. Once the defendant makes his showing that the statements were false, then the burden shifts to the state to prove that the allegations are true. State v. Paster, supra.
Once it is proved that the misrepresentations are present in the search warrant, the intent of the affiant determines the effect of the inaccurate information on the validity of the search warrant. State v. Caldwell, 384 So.2d 431 (La.1980). If the trial court finds that the misrepresentations were unintentionally made, the inaccurate statements should be excised and the remaining statements tested for probable cause. However, if the trial court finds the misrepresentations in the affidavit were intentionally made to deceive the issuing magistrate, then the search warrant must be quashed. State v. Williams, 448 So.2d 659 (La.1984); State v. Rey, 351 So.2d 489 (La.1977).
Thus, in reviewing the affidavit in question, even if the October 15 date is excised, probable cause exists within its four corners. The Louisiana Supreme Court in State v. Thompson, 354 So.2d 513 (La.1978) stated:
“The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. Such an affidavit has been held to be adequate if, in a commonsense construction, it can be *215 said from the face of the affidavit that the information received by the affiant was current and not stale.”
In the present case, the affidavit contains evidence of a single narcotics transaction. The confidential informant, at the time of the purchase, told the affiant that the defendant had offered to sell cocaine and that he saw large bags of marijuana. Viewing the affidavit as a whole and the fact that a magistrate’s determination of probable cause is entitled to great deference by the reviewing court, State v. Rodrigue, 437 So.2d 830 (La.1983); we are of the opinion that it states probable cause within its four corners.
Furthermore, even if we were to determine that the affidavit was defective, thereby invalidating the search warrant, the officer acted in “good faith” in executing the warrant so as not to require suppression of the contraband seized in the search.
In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) the court established a “good faith” exception to the exclusionary rule. Leon was first utilized by this court in State v. DiMaggio, 461 So.2d 439, 441 (La.App. 5 Cir.1984). In DiMaggio, this court found first that a search warrant was defective because “the issuing magistrate did not have a substantial basis from which to conclude that probable cause for the warrant existed.” The court then analyzed the Leon decision to determine whether the evidence seized pursuant to the defective warrant should be suppressed:
However, very recent analysis of the applicability of the exclusionary rule to situations similar to the present case was set forth by the United States Supreme Court in United States v. Leon, supra where the issue before the court was ...
[Wjhether the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution’s case-in-chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause.
In its analysis of the Leon opinion, this court noted that the test to be utilized in considering whether evidence should be suppressed is whether the officer acted in good faith in executing the warrant. “Unless it is found that the police had acted with such a lack of good faith that they could not have reasonably relied on the magistrate’s determination of probable cause, the evidence will be admitted.” DiMaggio, supra at page 442.
Here the affidavit “was neither knowingly or recklessly false”, but merely contained an error as to the date on which the informant saw the contraband at the defendant’s residence. Under Leon the officer acted in “good faith” in executing the search warrant.
The search warrant, even with the incorrect date, did support a finding of probable cause and furthermore, the officer was in good faith. In either case, the evidence should not be suppressed.
The defendant’s assignment of error lacks merit.
For the foregoing reasons, the ruling of the district court denying the motion to suppress was correct and we affirm the defendant’s plea of guilty and the sentence of the trial court.
AFFIRMED.