KING, Judge.
The sole issue presented by this appeal is whether or not the trial court erred in denying defendant’s Motion to Suppress.
On February 24, 1988, Wade Newsome (hereinafter defendant) was charged by bill of information with three counts of theft by unauthorized use of a credit card in violation of LSA-R.S. 14:67.3. After defendant’s arrest and the filing of a motion for bail, defendant’s bond was set at $100,-000.00. Subsequently, defendant filed a Motion To Reduce Bond and a Motion For A Preliminary Examination.
A preliminary examination and a hearing on defendant’s motion to reduce bond was held and the trial court ruled that there was sufficient probable cause to continue the prosecution of all three counts of theft and refused to reduce the bond.
Defendant applied to this Court for supervisory writs, seeking a review of the trial court’s rulings. This Court found there was sufficient probable cause to hold defendant for trial on two of the three counts and, accordingly, we ordered defendant released, without bond, on one count. We then also ordered that defendant’s bond be reduced on the other two counts to $25,000.00. State v. Newsome, an unreported case bearing Number K88-348 on the Docket of this Court rendered on May 12, 1988.
Defendant filed a Motion To Suppress evidence seized from his residence pursuant to a search warrant. A hearing was held and defendant’s motion was denied. Following the trial judge’s ruling, defendant withdrew his previously entered plea of not guilty and entered a plea of guilty to two counts of unauthorized use of a credit card, reserving his right to appeal the judge’s denial of the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 *84 (La.1976). In accordance with a guilty plea and sentence agreement, defendant was sentenced to serve a term of five years and one day at hard labor.
Defendant now appeals the trial court’s ruling on his motion to suppress, alleging that the trial judge erred in not granting the motion.
FACTS
The following facts are obtained from the transcript of the preliminary examination. A male voice telephoned the Royal Coin Company of Houston, Texas (hereinafter Royal) and ordered a 1925 American Eagle Gold Coin valued at $750.00. The caller requested that the coin be shipped to 1513 Pauline Street in Natchitoches, Louisiana. Defendant lived at this address with his mother. Delivery of the coin was made by Federal Express to 1513 Pauline Street and the signature of “T. Brown” appears on Federal Express’ documentation as the person who receipted for the package. The merchandise was charged to a Visa card belonging to Dr. Dean F. Johnson from Natchitoches, Louisiana, but she did not place or authorize the placing of the order. Dr. Johnson’s address was 303 Jefferson Street, Natchitoches, Louisiana.
A second purchase was made over the telephone to Foley’s Department Store in Houston, Texas by someone using the same credit card belonging to Dr. Johnson. The caller requested that a silk dress and a bottle of perfume be delivered to 1513 Pauline Street, Natchitoches, Louisiana. It was also established that the caller had a male voice. Rather than allowing delivery of this package from Foley’s to 1513 Pauline Street, Officer Boyd Durr of the Natchitoches Parish Sheriff’s Office intercepted the package at UPS prior to its delivery.
Approximately one week after the first gold coin was purchased, the same male voice again called Royal and ordered another coin. This coin was also charged to Dr. Johnson’s Visa card. After the caller hung up, the Royal employee who received the order, Mr. Allen Block, informed Officer Durr that a 1923 Silver Dollar was being shipped by Federal Express to 1513 Pauline Street in Natchitoches, Louisiana. Arrangements were made with Federal Express whereby Officer Durr would be informed when the delivery was to be made.
On January 20, 1988, around noon, Officer Durr obtained a search warrant for defendant’s residence at 1513 Pauline Street, Natchitoches, Louisiana based on the following affidavit:
“We have had notification that from Royal Coins in Houston, Texas that the coins described in the search warrant, being a 1925 American Eagle gold coin, with the American Eagle on the obverse (front) side, said gold coin being designed by Augustus Gaudin. Also shipped to the same address was a 1923 Silver Dollar and this was also shipped by Royal Coins, Houston, Texas.
These two coins were ordered by telephone with the credit card number of Dr. Dean F. Johnson, 303 Jefferson Street, Natchitoches, La. Dr. Johnson is also a faculty member at Northwestern State University, Natchitoches, Louisiana. Dr. Johnson’s VISA credit card number is 4121770070068014.
Federal Express confirmed that they delivered these coins to 1513 Pauline Street, Natchitoches, Louisiana.”
Later that same day, the Federal Express delivery man called Officer Durr and informed him that he was enroute to defendant’s residence. Officer Durr and Deputies Victor Jones and Danny Rachal then proceeded to a location about two blocks from defendant’s residence to await notification of the delivery. At approximately 5:50 P.M., the Federal Express driver notified the officers that the delivery had been made to a black male who signed the receipt “T. Brown”. The officers immediately closed in and spotted defendant coming out of a storage shed located behind his house. A search of the shed uncovered a torn box shipped by Federal Express which contained the 1923 Silver Dollar coin. The 1925 gold coin was not recovered. After defendant was read his Miranda rights, he admitted that he had signed for the package. Additionally, the Federal Express em *85 ployee identified defendant from a photograph as the person who accepted and receipted for the package.
Defendant claims that the search of his residence was unlawful and all evidence seized must be suppressed because the affidavit used to obtain the search warrant failed to establish probable cause. Specifically, defendant contends the affidavit is insufficient because it lacks specific dates and is written in the past tense.
La.C.Cr.P. Art. 162 states that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. Probable cause exists when the facts and circumstances within the affiant’s knowledge are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200, 1202 (La.1984). Furthermore, the factual information which is the foundation for the determination of probable cause must be contained in the affidavit. State v. Bruno, 427 So.2d 1174, 1178 (La.1983).
Defendant relies on State v. Loehr, 355 So.2d 925 (La.1978) and State v. Thompson, 354 So.2d 513 (La.1978) for the proposition that an affidavit which fails to state when the crimes took place and which is phrased in the past tense is insufficient to establish probable cause for the issuance of a search warrant.
The Louisiana Supreme Court in Thompson, supra, stated that the information establishing the “timeliness” of the facts relied on to support probable cause should be in the affidavit but then noted that:
“ ‘The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant....
‘Such an affidavit has been held to be adequate if, in a common sense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale. [Citations deleted.]’ ” State v. Thompson, 354 So.2d 513, at page 515 (La.1978).
Although each allegation of wrongdoing in the affidavit is written in the past tense, the affidavit does state that the victim of the alleged fraudulent credit card purchases was presently a professor at Northwestern State University. The affidavit also stated the account number of the credit card in the present tense. It is apparent from the face of the affidavit that the information received by the affiant was current and not stale. Furthermore, the affidavit makes clear to whom specific unauthorized telephone orders were being made, and that the merchandise orders were delivered to a particular address by a named delivery service.
Even if the affidavit was found to lack probable cause, the evidence obtained in the search pursuant to the warrant would not require suppression. State v. Hodges, 526 So.2d 1275 (La.App. 3 Cir. 1988), writ den., 532 So.2d 174 (La.1988). In State v. Ebey, 491 So.2d 498 (La.App. 3 Cir.1986), this court adopted the good faith exception to the exclusionary rule enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and, in doing so, joined other Louisiana courts in concluding that the Leon exception to the exclusionary rule is applicable to cases arising under Article 1, § 5 of the Louisiana Constitution of 1974. There, this court noted:
“According to Leon, suppression of evidence obtained pursuant to a warrant should be considered on a case by case basis and exclusion ordered only in those unusual cases where the purposes of the exclusionary rule will be furthered, i.e., the deterrence of illegal police conduct.
The court in Leon enumerated four instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless *86 disregard for the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is based on án affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and, (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Leon, at 104 S.Ct. 3421, 3422.” State v. Ebey, 491 So.2d 498, at page 500 (La.App. 3 Cir.1986).
See also, State v. Shannon, 472 So.2d 286 (La.App. 1 Cir.1985), writ den., 476 So.2d 349 (La.1985); State v. Wood, 457 So.2d 206 (La.App. 2 Cir.1984); State v. DiMaggio, 461 So.2d 439 (La.App. 5 Cir.1984).
Our review of the record reveals that none of the four instances where suppression would be a proper remedy are presented in this case. Defendant does not allege that the magistrate was misled by information that was false, that the magistrate abandoned his role, that the warrant was based on an affidavit so lacking in indicia of probable cause as to render belief in existence of the allegations as entirely unreasonable, or that the warrant was facially deficient. While the affidavit may have been inartfully drafted, there were enough facts presented to the magistrate to avoid the conclusion that his determination of probable cause was entirely unreasonable. As in Hodges, supra, and Ebey, supra, it can be said that exclusion of the evidence in this case would not further the purpose of the exclusionary rule. Exclusion would only punish the law enforcement personnel who acted reasonably in light of the totality of the circumstances and would needlessly hinder police action in the future.
For these reasons defendant’s assignment of error lacks merit and defendant’s conviction and sentence are affirmed.
AFFIRMED.