597 So.2d 156 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Booker Earl LOYDEN, Defendant-Appellant.
No. CR91-493.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1992.
*157 M.L. Laird, Alexandria, for defendant-appellant.
Charles F. Wagner, Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOUCET and KNOLL, JJ., and HOOD,[*] J. Pro Tem.
KNOLL, Judge.
Defendant, Booker E. Loyden, appeals his convictions for possession of a Schedule I drug (marijuana) with intent to distribute, a violation of LSA-R.S. 40:966 A, and possession of a Schedule II drug (cocaine) with intent to distribute, a violation of LSA-R.S. 40:967 A. Defendant entered guilty pleas to both offenses, reserving his right to appeal an adverse ruling on his motion to suppress the drugs seized from his residence. Defendant relies on two assignments of error in his appeal.
Defendant contends that his motion to suppress should have been granted because the affidavit in support of the search warrant failed to establish when the confidential informant saw the cocaine and marijuana in defendant's residence. In essence, defendant argues that there was no proof within the four corners of the affidavit that the information was not stale.
In State v. Thompson, 354 So.2d 513 (La.1978), the Supreme Court stated at pages 514, 515:

*158 "A search warrant will withstand an attack of `staleness' if the facts contained in the affidavit have not become so attenuated with the passage of time so as to render those supporting facts non-existent. Stated another way, `... the proof [of probable cause] must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); State v. Brawley, La., 347 So.2d 238 (1977); State v. Humble, La., 309 So.2d 138 (1975); State v. Boudreaux, La., 304 So.2d 343 (1974). See Annot., 100 A.L.R.2d 525 (1965); Mascolo, 43 Conn.B.J. 189, The Staleness of Probable Cause in Affidavits for Search Warrants: Resolving the Issue of Timeliness (1969).
The information establishing the `timeliness' of the facts relied on to support probable cause should be in the affidavit. See State v. Thomas, La., 329 So.2d 704 (1976); State v. Chaffin, La., 324 So.2d 369 (1975). Nevertheless, in State v. Boudreaux, supra, we stated:
`The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. * * * `Such an affidavit has been held to be adequate if, in a commonsense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale. [Citations deleted.]' See also State v. Turner, La., 337 So.2d 1090 (1976)."
Furthermore, in State v. Ogden, 391 So.2d 434 (La.1980), the Louisiana Supreme Court stated at pages 436, 437:
"A showing of probable cause requires much less evidence than proof beyond a reasonable doubt. As the term `probable cause' implies, the magistrate, and the officers securing his approval for the search, are dealing in probabilities. `These are not technical; they are factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act.' Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Furthermore, a magistrate's determination of probable cause should be accorded great deference by a reviewing court. State v. Nix, 327 So.2d 301 (La.1975). The reviewing court must avoid the temptation to substitute its judgment for that of the magistrate and should merely determine whether there was a substantial basis for the magistrate's determination. United States v. Middleton, 599 F.2d 1349 (5th Cir.1979); State v. Sierra, 338 So.2d 609 (La.1976). (Footnote omitted.)
On January 3, 1990, at approximately 10:00 a.m. Detective John Faglie, a Rapides Parish Sheriff's officer, presented an affidavit to Judge Alfred Mansour of the Ninth Judicial District Court, and requested a search warrant, authorizing the search of defendant's residence in Alexandria. The facts and circumstances recited in the affidavit read as follows:
"THE AFFIANT, DET. JOHN C. FAGLIE, EMPLOYED BY THE RAPIDES SHERIFF'S DEPT FOR OVER 11 YEARS AND ASSIGNED TO NARCOTTIC'S [sic] INVESTIGATIONS FOR THE THE PAST 8 YEARS WAS CONTACTED BY FELLOW OFFICERS OF THE PINEVILLE POLICE DEPT. (DET. BARBER, AND DET. RACHAL) AND WAS RELATED THE FOLLOWING INFORMATION. WITHIN THE PAST TWELVE HOURS OF THE A.M. HOURS OF 1-3-90, A CONFIDENTIAL AND RELIABLE INFORMANT OF THEM CONTACTED THEM AND RELATED THAT HE/SHE, WAS LEGALLY WITHIN THE ABOVE DESCRIBED RESIDENCE AND SEEN [sic] A QUANTITY OF A SUBSTANCE KNOWN TO THE INFORMANT AS BEING COCAINE AND MARIJUANA. THIS INFORMANT KNOWS THE DRUGS COCAINE AND MARIJUANA DUE TO THE INFORMANT'S PAST INVOLVEMENT IN NARCOTICS. THIS QUANTITY WAS ESTIMATED BY THE *159 INFORMANT AS BEING AT LEAST ONE POUND OF MARIJUANA, AND AT LEAST TWO OUNCES OF COCAINE. FURTHER, THIS INFORMANT IS ALSO KNOWN TO THE FOLLOWING OFFICERS DEP. CARL HALL OF THE RPSO, DET. DANNA RACHAL OF THE PINEVILLE POLICE, OFF. TOMMY FRAZIER OF THE PINEVILLE POLICE, DET. CAPT MIKE VILLARD OF THE CLNTF/RPSO, AND DET. JAY BARBER OF THE CLNTF/PINEVILLE POLICE DEPT. AND HAS GIVEN INFORMATION OF NARCOTICS NATURE TO ALL OF THE ABOVE OFFICERS THAT WERE INVESTIGATED BY THEM AND FOUND TO BE TRUE AND CORRECT. FURTHER, ON TWO SEPARATE OCCASIONS THIS INFORMANT HAS PROVIDED SAMPLES TAKEN FROM THE THE [sic] ABOVE DESCRIBED DWELLING OF COCAINE AND MARIJUANA AND BROUGHT IT TO OFFICERS TO BE TESTED. ON BOTH TIMES THE SAMPLE [sic] WERE FOUND TO BE MARIJUANA AND COCAINE. THIS RESIDENCE IS KNOWN TO DET. SELLERS AND THE AFFIANT, DUE TO SURVEILANCE [sic] INVESTIGATION, AND THE TWO OFFICERS WILL BE PRESENT WHEN THE SEARCH WARRANT IS EXECUTED [sic]."
Based on the affidavit presented, the district judge signed the search warrant.
Approximately at noon on January 3, 1990, Officer Faglie and other officers arrived at defendant's residence, presented him with a copy of the search warrant, and seized the marijuana and cocaine which formed the basis of these prosecutions.
Applying the jurisprudence to the facts presented herein, we find no error in the trial court's denial of defendant's motion to suppress.
Detective Faglie's affidavit provides a substantial basis for concluding that probable cause existed. The affidavit states that the confidential informant personally observed cocaine and marijuana in defendant's residence, and that he could identify the drugs because of his past involvement in narcotics. The informant was also known to the police officers and had provided reliable information in the past. In addition, the informant had provided samples taken twice from defendant's residence which proved to be cocaine and marijuana.
Furthermore, as noted by the trial court, although the affidavit could be read to reflect that no time frame was given within which the narcotics were observed, nevertheless "the issuing judge could reasonably have concluded that the confidential informant had both been within the defendant's residence within the past twelve hours and had reported to the officers what he had seen within the past twelve hours." It is evident to us that the trial court, applying a common sense approach, determined that the totality of facts and circumstances recited in the affidavit supported a fair probability that contraband would be found in defendant's residence.
Nevertheless, even if the affidavit may be found to lack probable cause, we find that the evidence seized pursuant to the warrant would not require suppression. In State v. Ebey, 491 So.2d 498 (La.App. 3rd Cir.1986), this court adopted the good faith exception to the exclusionary rule adopted in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Ebey, we stated at page 500:
"According to Leon, suppression of evidence obtained pursuant to a warrant should be considered on a case by case basis and exclusion ordered only in those unusual cases where the purposes of the exclusionary rule will be furthered, i.e., the deterrence of illegal police conduct. The court in Leon enummerated [sic] four instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is based *160 on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and, (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Leon, at 104 S.Ct. 3421, 3422."
There is no contention by defendant, and the record does not evidence any, that Detective Faglie misled the issuing magistrate, or that the issuing magistrate abandoned its detached and neutral judicial role. Moreover, after carefully examining the affidavit, it cannot be said that it was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, despite the impreciseness of the language. We find that sufficient facts were presented to the issuing magistrate to avoid the conclusion that it and the detective's determinations of probable cause were entirely unreasonable.
Therefore based on the foregoing, we find no merit in defendant's assignment of error.
Defendant next argues that the evidence should have been suppressed because the officers failed to furnish defendant with an inventory of the items seized, and did not make a return to the court that issued the warrant.
At the suppression hearing, Officer Faglie candidly admitted that he could not recall whether he gave defendant a receipt for the seized items, and stated that he did not file a return with the court listing the details of the seizure.
Defendant, citing State v. Square, 257 La. 743, 244 So.2d 200 (1971), vacated in part on other grounds, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972), concedes that the irregularities complained of herein do not require suppression of evidence.
When jurisprudence has consistently established a uniform interpretation, we are obliged to follow that rule absent a mandate to the contrary. PPG Industries, Inc. v. Bean Dredging Corp., 419 So.2d 23 (La.App. 3rd Cir.1982), affirmed, 447 So.2d 1058 (La.1984). Defendant has not advanced any argument which convinces us to question the established jurisprudence.
Therefore we find that this assignment of error is without merit.
For the foregoing reasons, defendant's convictions are affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.
NOTES
[*] Judge Warren E. Hood, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.